Dear Ms. Norton:
We are in receipt of your request for an Attorney General's opinion regarding the Reform Party. Your letter states that the Reform Party received over 5% of the votes cast in Louisiana for presidential electors in the 1996 Presidential Election and therefore, the party is a recognized political party under R.S.18:441. However, the Reform Party failed to elect a State Central Committee at the same time as the 2000 Presidential Preference Primary as required by R.S. 18:443(B)(1). Your office has received inquiries regarding the proper procedure for placing the Reform Party candidates on the ballot for the 2000 Presidential Election, therefore, you seek an opinion on the following question:
 Can the Reform Party qualify their candidates pursuant to R.S. 18:1253 by filing a certificate of nomination or must they qualify their candidates in the same manner as independents pursuant to R.S. 18:1254?
The State of Louisiana has provided for the creation and/or organization of a state central committee in R.S. 18:443(B)(1), as follows:
 B.(1) All members of the state central committee of a recognized political party shall be elected every four years at the same time as the presidential preference primary election. The term of office shall not extend for a period beyond the time for which the member was elected. Notwithstanding this provision, members elected in 1991 shall serve until their successors are chosen.
Additionally, the Election Code provides for nominations for candidates for presidential electors, under R.S. 18:1253, to be made by each recognized political party as "[d]etermined by a resolution adopted by the state central committee of the respective recognized political party." Thus, the question herein is whether the Reform Party may submit its nominations for candidates for presidential electors by way of a resolution, when they failed to organize pursuant to state law.
In Louisiana Republican Party v. Foster, 96-0314 (La. 5/21/96),674 So.2d 225, the Court made it clear that the State cannot restrict a party's freedom of association, which includes the freedom to choose its leadership in the way it sees fit, without a compelling state interest. Because we are bound by this decision, which clearly stands for the proposition that the organization and composition of a state central committee is purely an internal matter, we are of the opinion that if the Secretary of State's office receives a resolution from the State Central Committee of the Reform Party, nominating candidates for presidential electors, it should be accepted. To not accept such a resolution from the Reform Party, would in essence, prevent the Reform Party from organizing. Additionally, it would be a restriction of the Reform Party's freedom of association to opine that the Reform Party could only nominate it's candidates for presidential electors as independents under R.S. 18:1254.
In conclusion, we are of the opinion that the State Central Committee of the Reform Party can qualify their candidates pursuant to R.S. 18:1253, by adopting a resolution and filing a certificate of nomination. This opinion is based on the assumption that the Reform Party has organized a State Central Committee in some fashion other than what is provided by the Election Code. If the Reform Party has not organized a State Central Committee, then there is no way the Reform Party can qualify their candidates pursuant to R.S. 18:1253. The only other way to nominate a slate of presidential electors is pursuant to R.S. 18:1254, as an independent slate of candidates. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mb